UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELZAR TI-SHAWN WILKINS,

               Plaintiff,

       v.

KELLEY R. HERKY, KAILTIN BAILEY, and
JEFFREY BANAS, et al.,

               Defendants.

_____

DECISION & ORDER

11-CV-6104CJS

On July 21, 2011, *pro se* plaintiff Melzar Ti-Shawn Wilkins ("plaintiff") filed an amended complaint pursuant to 42 U.S.C. § 1983 alleging that defendants subjected plaintiff to selective and malicious prosecution. (Docket # 6). Specifically, plaintiff claims that defendants failed to perform their duties as forensic serologists, resulting in allegedly "deceptive and incriminating evidentiary report[s]." (*Id.* at 3). Currently before this Court are plaintiff's motions for the appointment of counsel, as well as a motion for discovery. (Docket ## 16, 18, 21, 23).

**I.  Motions to Appoint Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id.*  Plaintiff has failed to do so here.  Further, the legal issues in this case do not appear to be complex, nor do the facts of the case implicate the need for cross-examination.  Finally, plaintiff's case does not present any special reasons justifying the assignment of counsel.  It is therefore the Decision and Order of this Court that plaintiff's motions for the appointment of counsel **(Docket ## 16, 21, 23)** are **DENIED without prejudice** at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

## II.  Motion for Discovery

Plaintiff has moved for production of certain state court documents, such as copies of the indictment and grand jury minutes from the underlying criminal prosecution.  (Docket # 18).  Defendants oppose the motion on the grounds that plaintiff did not seek the requested discovery from defendants prior to filing the motion and that, in any event, they do not possess the requested documents.  (Docket # 20).  In addition, defendants contend that the requested documents do not appear to be relevant to the instant action, but may be related to plaintiff's appeal of his criminal conviction.  (*Id*. at ¶ 8).

Under Rule 37 of the Federal Rules of Civil Procedure, a party filing a motion to compel must certify that the party conferred in a good faith attempt to obtain the requested

discovery prior to filing the motion.  Fed. R. Civ. P. 37(a)(1).  Here, not only has plaintiff failed to satisfy this requirement, but according to defendants, he failed to demand the requested materials from defendants prior to filing the instant motion.  Further, defendants have affirmed that they do not possess the requested documents.  Accordingly, plaintiff's motion for discovery is **DENIED**.

Finally, the Court notes that the caption to plaintiff's motion for discovery names a new defendant, Erie County District Attorney Frank A. Sedita.  (Docket # 18).  Plaintiff is advised that because he did not obtain leave of the Court to amend the complaint, Mr. Sedita is not a defendant in this action.

## CONCLUSION

For the reasons above, plaintiff's motion for appointment of counsel **(Docket ## 16, 21, 23)** are **DENIED without prejudice** to renewal.  Plaintiff's motion for discovery **(Docket # 18)** is **DENIED**.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated:  Rochester, New York
       May    17   , 2012